IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES E. WINNER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | 2:07-cv-903 |
| v. | ) | |
| | ) | |
| ETKIN & COMPANY, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court for consideration is DEFENDANT'S MOTION TO DISMISS OR STAY THIS ACTION (*Document No. 10*). Defendant Etkin & Company, Inc. ("ECI") has filed a brief in support and Plaintiff James E. Winner, Jr. ("Winner") has filed a response and brief in opposition *(Document Nos. 12, 13)*. The motion is ripe for decision.

Standard of Review

When considering a motion to dismiss, the court accepts as true all well-pleaded allegations of fact. *See Albright v. Oliver*, 510 U.S. 266, 267 (1994). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief" enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See* Fed.R.Civ.P. 8(a)(2). This is a minimum notice pleading standard "which relies on liberal discovery rules and summary judgment motions to ... dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513-14 (2002). Claims lacking merit may be dealt with through summary judgment pursuant to Rule 56. *Id.* If a defendant feels that a pleading fails to provide sufficient notice, he or she may move for a more definite statement pursuant to Rule 12(e) before fashioning a response. *Id.*

However, in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the United States Supreme Court recently issued a decision which may represent a sweeping change in the pleading standard applicable to complaints filed in federal court. At a minimum, as all nine justices

agreed, the oft-quoted standard that a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" has been retired and "is best forgotten." *Id.* at 1968. The Supreme Court explained that a complaint must allege enough "facts" to show that a claim is "plausible" and not merely conceivable. Indeed, the *Twombly* Court made a distinction between facts that are merely "consistent" with wrongful conduct and facts that would be "suggestive" enough to render the alleged conduct plausible. The Supreme Court also emphasized the need for district courts to prevent unjustified litigation expenses resulting from claims that are "just shy of a plausible entitlement." *Id.* at 1967, 1975.

Discussion

ECI is a small investment firm. This case arose out of ECI's efforts to secure a buyer for Winner Steel, Inc., which is allegedly controlled by Winner. On May 17, 2005, ECI and the "Company" entered into an agreement that provided for a Success Fee if ECI found a buyer. James Winner signed that agreement in his capacity as Chairman of the Company. The agreement contains an arbitration clause. ECI filed a claim in arbitration against the Company and James Winner in his individual capacity. Winner filed the instant suit for declaratory relief to enjoin or stay the arbitration. At issue is whether James Winner, in his individual capacity, is bound by the arbitration clause contained in the agreement.

Defendant asserts three grounds for dismissal of the complaint: (1) improper venue; (2) that arbitrability should be decided by the arbitration panel; and (3) that James Winner is a proper party to the arbitration. For the reasons set forth in Plaintiff's brief, the motion to dismiss is without merit. The Court will briefly address Defendant's arguments seriatim.

Defendant's argument regarding venue puts the cart before the horse by implicitly assuming that the agreement governs Winner's choice of venue. Defendant does not challenge the appropriateness of venue in this Court pursuant to 28 U.S.C. § 1391. Rather, ECI contends

that the locale of the arbitration proceeding filed by ECI should supersede Winner's ability to file suit in a different judicial district. In the alternative, ECI argues that this case should be stayed at least until the location of the arbitration proceeding is finalized. Winner contends that he is not a party to the contract and therefore is not bound by it. The Court agrees with Winner. In *Cortez Byrd Chips, Inc. v. Bill Harbert Construction Company*, 529 U.S. 193, 195 (2000), the Supreme Court determined that the FAA venue provisions are permissive, and do not supersede jurisdiction under the general venue statute. Indeed, because arbitration is a matter of contract, it would be fundamentally unfair to restrict the rights of any person that was not a party to that contract. Thus, this lawsuit should not be dismissed or stayed as a result of the arbitration.

     Defendant's arbitrability argument suffers from a similar flaw. Before any dispute can be submitted to an arbitration panel, Defendant must show that Winner agreed to submit to that panel's authority. There is a significant, and dispositive, distinction between signing a document in one's capacity as a corporate officer, on one hand, and agreeing to be bound personally, on the other. In *Lumax Indus. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995), the Pennsylvania Supreme Court noted the "strong presumption in Pennsylvania against piercing the corporate veil" and explained that a corporation "is to be regarded as an independent entity" even if owned by one person. There is **no** indication in the agreement that Winner was a party in his individual capacity. Indeed, the agreement explicitly stated that the contracting party was "Winner Steel, Inc. (the "Company")." The Court further agrees with Plaintiff that *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1512-14 (3d Cir. 1994), is on-point and controlling. In sum, Defendant falls far short of the applicable "clear and unmistakable evidence" standard.

     Defendant's final argument, that Winner is, in fact, a proper party to the arbitration, is premature. The veil-piercing doctrine requires a multi-factor, factually-intensive inquiry and is not to be presumed lightly. *See Lumax*. As explained above, in resolving a motion to dismiss, the Court must construe the complaint in the light most favorable to Plaintiff.

     An appropriate order follows.

                                       McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES E. WINNER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | 2:07-cv-903 |
| v. | ) | |
| | ) | |
| ETKIN & COMPANY, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

ORDER OF COURT

AND NOW, this 6th day of September, 2007, in accordance with the foregoing Memorandum Opinion it is hereby ORDERED, ADJUDGED AND DECREED that the DEFENDANT'S MOTION TO DISMISS OR STAY THIS ACTION (*Document No. 10*) is **DENIED**.  Defendant shall file an answer within the time set forth in Fed. R. Civ. P. 12(a)(4).

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:    Jack B. Cobetto, Esquire
       Email: jcobetto@reedsmith.com

       Daniel B. McLane, Esquire
       Email: dmclane@eckertseamans.com

       Robin Fineman
       Email: rfineman@paulweiss.com