IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. WINNER, JR., ) | |
| ) | |
| Plaintiff, ) | 2:07-cv-903 |
| v. ) | |
| ) | |
| ETKIN & COMPANY, INC. ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration is DEFENDANT'S ETKIN & COMPANY'S MOTION TO COMPEL DISCOVERY PURUSANT TO F.R.C.P. 37 (*Document No. 31*). Plaintiff James E. Winner, Jr. ("Winner") has filed a response and ECI has filed a reply *(Document Nos. 32, 33)*. The motion is ripe for decision.

This case arose out of ECI's efforts to secure a buyer for Winner Steel, Inc. ("Winner Steel"), which is allegedly controlled by Winner. On May 17, 2005, ECI and Winner Steel entered into an agreement (the "May 17, 2005 Agreement") that provided for a Success Fee to ECI if it found a buyer for Winner Steel. James Winner signed that agreement in his capacity as Chairman of the Company. The agreement contains an arbitration clause. ECI filed a claim in arbitration against the Company and James Winner in his individual capacity. Winner filed the instant suit, seeking a declaration that he is not bound to participate in the arbitration in his individual capacity. Thus, this federal litigation has a very limited scope.

"Arbitration is fundamentally a creature of contract. . . . [N]o party can be forced to arbitrate unless that party has entered into an agreement to do so." *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1512 (3d Cir. 1994). The only contract which contains an arbitration clause is the May 17, 2005 Agreement executed between ECI and the Winner Steel. ECI contends, nevertheless, that Winner can be compelled to participate in the arbitration in his individual capacity under the doctrines of third-party beneficiary, agency, alter ego and/or

estoppel.

The instant dispute concerns ten document requests that ECI served on Winner. ECI contends that the requests are narrowly tailored to obtain documents directly relevant to its defenses in this action. Winner contends that ECI is attempting to use this case to obtain documents that are relevant only to the underlying arbitration proceeding. In particular, Winner contends that documents relating to the ultimate sale of Winner Steel to Duferco U.S. Investment Corp. ("Duferco") have no relevance to this litigation. Winner states that he has produced all the agreements, drafts, emails and correspondence relating to the May 17, 2005 Agreement. In addition, Winner assertedly has produced all the legally operative documents relating to the sale to Duferco. Winner objects to the production of documents and correspondence leading up to the sale to Duferco. The Court will address each of ECI's legal theories seriatim.[1]

Third-Party Beneficiary

A third party beneficiary of a contract is bound by a contractual term requiring arbitration "where its claim arises out of the underlying contract to which it was an intended third party beneficiary." *E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F.3d 187, 195 (3d Cir.2001). Thus, ECI must establish that Winner, in his personal capacity, was a third-party beneficiary of the May 17, 2005 Agreement.

As summarized in *Reibstein v. CEDU/Rocky Mountain Academy*, 2000 WL 1858718 *7 (E.D. Pa. 2000) (emphasis added):

> Under Pennsylvania law, a party is an intended third-party beneficiary if 'both parties to the contract express an intention to benefit the third party ***in the contract itself***,' *Stone v. Pennsylvania Merchant Group, LTD.*, 949 F.Supp. 316, 321 (E.D.Pa. Dec.16, 1996) (*quoting Scarpitti v. Weborg*, 609 A.2d 147 (1992)), or if 'recognition of a right to performance in the beneficiary is appropriate to effectuate the intentions of the parties and ... the circumstances indicate that the

---

[1] ECI also complains that Winner's production appears to be incomplete, even as to document requests to which he did not object. The Court is unable to assess the validity of this assertion, but urges counsel for both parties to fulfill all of their professional obligations, including diligent production and a meaningful "meet and confer" session.

2

promisee intends to give the beneficiary the benefit of the promised performance.'" *Id.* (*quoting the Restatement (Second) of Contracts* § 302(1)(b) (1979), which has been adopted as the law of Pennsylvania).

It is not sufficient for ECI to demonstrate that as a shareholder of 45% of the stock of Winner Steel, James Winner would ultimately benefit from the sale of the Company. Rather, ECI must point to a construction of the May 17, 2005 Agreement that evidences an intent to benefit Winner personally. The subsequent correspondence involving the sale to Duferco does not appear to be reasonably related to this inquiry.

Agency

The agency theory cannot succeed under the facts of this case and the law of this circuit. In *Kaplan*, the Court held that a president who signed a contract in his corporate capacity could not be compelled to participate in an arbitration in his individual capacity. As this Court noted earlier, *Kaplan* is not only on-point but also binding and thus, the agency theory cannot be successful under the facts of this case.

The *Pritzker* rule-that nonsignatory agents may ***invoke*** a valid arbitration agreement entered into by their principal – might enable Winner to compel ECI to arbitrate, but it is not a two-way street. *See Tracinda Corp. v. DaimlerChrysler AF*, 502 F.3d 212, 224 (3d Cir. 2007) (explaining key distinction between cases permitting agents to invoke arbitration clauses against signatories and cases refusing to force nonsignatories into arbitration). Because this theory is not viable, it cannot serve as the basis for ECI's discovery requests.

Equitable Estoppel

The estoppel theory may justify broader discovery, due to its inherently equitable nature. However, the estoppel theory is limited to the contract which contains the arbitration clause. As summarized in *Philadelphia Flyers, Inc. v. Trustmark Ins. Co.*, 2004 WL 1529167 (E.D. Pa. 2004) (citations omitted) (emphasis added):

> The doctrine of equitable estoppel means, in an arbitration context, that: a party may be estopped from asserting that the lack of his signature on a written contract

3

precludes enforcement of the contract's arbitration clause when he has consistently maintained that other provisions *of the same contract* should be enforced to benefit him. "To allow [a plaintiff] to claim the benefit of the contract and simultaneously avoid its burdens would both disregard equity and contravene the purposes underlying enactment of the Arbitration Act."*see also E.I. DuPont*, 269 F.3d at 200 (noting that, under the theory of equitable estoppel, "courts prevent a non-signatory from embracing a contract, and then turning its back on the portions of that contract, such as an arbitration clause, that it finds distasteful.")

Thus, in order to establish its estoppel theory, ECI must demonstrate that Winner has sought to enforce, or claim the benefit of, other provisions of the May 17, 2005 Agreement. Rather, ECI must develop evidence of Winner's efforts to utilize the May 17, 2005 Agreement in his personal capacity. The correspondence relating to the Duferco sale is not reasonably related to this inquiry.

Alter Ego/Veil Piercing

Winner recognizes that a non-signatory may be compelled to participate in an arbitration pursuant to a veil-piercing theory. ECI is correct that the veil piercing doctrine is not limited to sham corporations, but more broadly may apply when recognition of the corporate entity would cause injustice or defeat public policy. Further, there is no precise test for determining whether the corporate veil should be pierced, but rather, a list of non-dispositive factors as outlined in *Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa.1995). Thus, a rather broad inquiry is warranted.

Winner has objected to producing emails, correspondence, drafts and/or negotiations leading to the Duferco sale, on the ground that they are not relevant because the final agreements are fully integrated. The Court is not persuaded by this argument. Even if the final agreements with Duferco are fully integrated, the negotiation process may reveal that Winner disregarded or misused the corporate form of Winner Steel to further his personal interests. At this stage, the information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). ECI faces a difficult burden to succeed in its veil piercing claim, but it is nevertheless entitled to conduct discovery in support of that position. It appears that all of the contested document requests have some reasonable

relationship to the veil piercing inquiry.  Thus, the Motion to Compel will be granted.

An appropriate order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES E. WINNER, JR., | ) | |
| Plaintiff, | ) | 2:07-cv-903 |
| v. | ) | |
| ETKIN & COMPANY, INC. | ) | |
| Defendant. | ) | |

ORDER OF COURT

AND NOW, this 28th day of February, 2008, in accordance with the foregoing Memorandum Opinion it is hereby ORDERED, ADJUDGED AND DECREED that DEFENDANT'S ETKIN & COMPANY'S MOTION TO COMPEL DISCOVERY PURUSANT TO F.R.C.P. 37 (*Document No. 31)* is **GRANTED**. Plaintiff shall produce all responsive documents on or before March 10, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Jack B. Cobetto, Esquire
Email: jcobetto@reedsmith.com

Daniel B. McLane, Esquire
Email: dmclane@eckertseamans.com

Robin Fineman
Email: rfineman@paulweiss.com