# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. WINNER, JR., | ) |
| Plaintiff, | ) 2:07-cv-903 |
| v. | ) |
| ETKIN & COMPANY, INC. | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending now is a MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(a)(2) (*Document No. 62*), filed by Plaintiff James E. Winner, Jr. ("Winner"). Defendant Etkin & Company, Inc.("ECI") has filed a response *(Document No. 64)*. The motion is ripe for decision.[1]

The background is incorporated as set forth in the Court's Memorandum Order dated September 6, 2007, which denied ECI's motion to dismiss the complaint. ECI is a small investment firm. This case arose out of ECI's efforts to secure a buyer for Winner Steel, Inc., which is allegedly controlled by Winner. On May 17, 2005, ECI and the "Company" entered into an agreement that provided for a Success Fee if ECI found a buyer. James Winner signed that agreement in his capacity as Chairman of the Company. The agreement contains an arbitration clause. ECI filed a claim in arbitration against the Company and James Winner in his individual capacity. Winner filed the instant suit for declaratory relief to enjoin or stay the arbitration. The only issue in this federal litigation is whether James Winner, in his individual capacity, is bound by the arbitration clause contained in the agreement.

By letter dated October 29, 2008, ECI notified the arbitration panel that it was willing to "drop its claims against Jim Winner," personally, in the arbitration. However, the parties could not agree on language regarding whether the dismissal of Winner from the arbitration was

---

[1] ECI's Motion for Sanctions (*Document No. 47*), remains pending and will be addressed in a separate Memorandum Order.

voluntary and without prejudice. Plaintiff requests that the Court "confirm" that ECI has "abandoned" its claims against Winner in the arbitration and declare that Winner is no longer a party in the arbitration. Defendant objects to this characterization and contends that it has merely "released Plaintiff from any obligation to be a defendant in the arbitration...." The Court acknowledges that ECI has "unilaterally release[d] Jim Winner from any obligation he might personally have to arbitrate the claims asserted against him by ECI in the pending AAA Arbitration. Thus, there is no longer any question that Jim Winner is not bound to arbitrate ECI's claims or that, if Mr. Winner would like to leave the arbitration, he is free to do so." Mr. Winner is not contractually bound to be a party in the arbitration of ECI's claims against Winner Steel, Inc. and he may withdraw from said proceeding.

Both parties agree that this federal litigation should now be voluntarily dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that the MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(a)(2) (*Document No. 62*), filed by Plaintiff James E. Winner, Jr. is **GRANTEDand this case is hereby voluntarily dismissed without prejudice**, subject to the Court's consideration and resolution of Defendant's pending motion for sanctions.

SO ORDERED this 11th day of December, 2008.


BY THE COURT:


s/ Terrence F. McVerry
United States District Court Judge

cc: Joseph A. Katarincic, Esquire
Email: jkatarincic@thorpreed.com

Kevin P. Allen, Esquire
Email: kallen@thorpreed.com

Allen J. Arffa, Esquire
Email: aarffa@paulweiss.com

2

Daniel B. McLane, Esquire
Email: dmclane@eckertseamans.com