IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. WINNER, JR., | ) |
| Plaintiff, | ) 2:07-cv-903 |
| v. | ) |
| ETKIN & COMPANY, INC. | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Pending before the Court is DEFENDANT ETKIN & COMPANY'S ("ECI's") FOURTH MOTION TO COMPEL AND FOR SANCTIONS (*Document No. 47*). Plaintiff James E. Winner, Jr. ("Winner") filed a response *(Document No. 52)*. Both parties also submitted additional filings and supporting exhibits (Document Nos. 57-60, 61, 63). By Memorandum Order dated December 11, 2008, the Court granted Plaintiff's motion to voluntarily dismiss this case without prejudice, subject to the Court's consideration and resolution of Defendant's pending motion for sanctions. The motion to compel further discovery is now moot and the motion for sanctions is ripe for determination.

Factual and Procedural Background

This case arose out of the alleged efforts of ECI to secure a buyer for Winner Steel, Inc. ("Winner Steel"), which was allegedly controlled by Winner as majority shareholder. Pursuant to an alleged agreement, ECI filed a claim in arbitration against Winner Steel and named James Winner as a party in his individual capacity in an effort to assure that the claim would be paid if the arbitration was successful. Winner filed the instant suit, seeking a declaration that he was not bound to participate in the arbitration proceeding in his individual capacity. By Memorandum Order of February 28, 2008, the Court granted ECI's first motion to compel and permitted ECI to undertake discovery in support of its corporate veil-piercing allegations.

The instant motion for sanctions seeks recovery of the expenses incurred by ECI as a

result of Plaintiff's subsequent discovery responses, which allegedly prompted ECI to file several additional motions to compel. The Court will briefly outline the relevant chronology.

Plaintiff produced certain information and documents in response to the referenced Court Order. In emails dated March 20 and 26, 2008, ECI informed counsel for Winner that it believed that many more responsive documents should exist and requested a supplemental production. Attorney Jack Cobetto of the Reed Smith law firm, then acting as counsel for Winner,[1] responded that the original document production was comprehensive and complete and that he did not intend to undertake additional searches. *See* Cobetto Email dated March 27, 2008. Counsel for ECI reiterated their concerns by letter dated April 25, 2008, to no avail. The parties also engaged in settlement discussions, which were unsuccessful. On May 16, 2008, ECI filed Defendant Etkin & Company's Motion Pursuant to F.R.C.P. 37 for Failure to Obey a Discovery Order and to Compel Further Discovery (*Document No. 38*) (the "Second Motion to Compel").

In his opposition, Winner's counsel made several representations to the Court, including: (a) that counsel had undertaken "extraordinary efforts" to comply with the Court's February 28, 2008 Order; (b) that all responsive documents had been produced; (c) that counsel had searched for hard copies of documents in Winner's files and the files at Winner Steel of individuals likely to have responsive documents; (d) that there were no documents in Winner Steel's possession showing funds set aside for satisfaction of potential claims by potential creditors; (e) that Winner Steel had produced all financial documents relating to the Winner Steel Liquidation and the Winner Steel Liquidating Trust; and (f) that Winner Steel had produced all responsive financial statements. *See, e.g.,* Winner's Opposition to Second Motion to Compel at 2 (Winner has produced "virtually every non-privileged document that they possess that relates in any way to the sale of Winner Steel's business and assets and the other types of documents requested."); Opposition at 7 ("There is nothing more to produce. There are no documents in Winner Steel's

---

[1]Attorneys Joseph Katarincic and Kevin Allen of the Thorp, Reed & Armstrong law firm are current counsel for Winner, having entered their appearances on September 10, 2008 and their conduct is not at issue.

possession showing funds 'set aside' for satisfaction of potential claims from potential creditors.").

During the same general timeframe, counsel for ECI also raised concerns regarding the privilege log provided by Winner. When these concerns could not be amicably resolved, ECI filed Defendant Etkin & Company's Motion Pursuant to F.R.C.P. 37 to Compel Further Discovery (*Document No. 39*) (the "Third Motion to Compel").

In a Memorandum Order dated June 17, 2008, the Court denied the Second Motion to Compel based on the representations of counsel for Winner and explained:

> At bottom, the discovery process relies upon the good faith and professional obligations of counsel to reasonably and diligently search for and produce responsive documents. *See* Fed. R. Civ. P. 26(g) (effect of signature) and Advisory Commentary to 1983 Amendment ("spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues"). The Commentary to the 1983 Amendment to Subdivision (g) explains: "If primary responsibility for conducting discovery is to continue to rest with the litigants, they must be obliged to act responsibly and avoid abuse." Winner's counsel avers that an "extraordinary effort" was undertaken and that all responsive documents have been produced. The Court recognizes and appreciates ECI's suspicions that additional documents should exist. However, the Court has no independent way to determine whether or not Plaintiff's response was comprehensive and Plaintiff cannot be required to "prove a negative" by demonstrating that non-existent documents do not exist. The Court accepts Plaintiff's counsel's representation that a comprehensive search was conducted and that all responsive documents have been produced. To the extent that Defendant is able to develop evidence that this representation is incorrect, the Court will entertain an appropriate motion at that time.

In the same Memorandum Order, the Court granted the Third Motion to Compel and concluded that Winner's privilege log, which listed 3,494 documents, was grossly inadequate. Winner subsequently revised the privilege log twice and withdrew its claim of attorney-client privilege as to all but 275 of these documents. The Court admonished counsel for both sides to work cooperatively to resolve any remaining discovery disputes.

On June 30, 2008, Winner made a subsequent production of a CD with electronic copies of a number of documents that were previously withheld, along with a revised privilege log. The production totalled approximately 14,000 pages. Included among the documents produced were "some documents, consisting mostly of communications with Mr. Etkin that you thus already possess, that were pulled off an earlier draft of the privilege log, but do not appear to us to have

been produced" (the "Subsequent Production"). Cobetto Letter dated June 30, 2008. These documents notably included "Guarantee Agreements" which had been executed by Winner's children (representing 45% of the shares of Winner Steel), and which provided for a "clawback" of funds if necessary to pay debts of Winner Steel. These documents were obviously of great interest to ECI, and ultimately led to its willingness to drop Winner individually from the arbitration.

In a letter to the Court dated July 1, 2008, Cobetto disclosed "an incorrect statement" in Winner's response to the motion to compel regarding the structure of the trusts in which Winner Steel stock had been held. Cobetto did not notify the Court about documents that had been removed from the privilege log but not produced nevertheless.

On July 15, 2008, Amos Elberg, counsel for ECI, sent a detailed letter to Cobetto which raised numerous questions regarding the Subsequent Production, especially regarding the referenced Guarantee Agreements. Cobetto responded by letter on July 31, 2008, explaining that as part of Reed Smith's "massive effort" to comply with this Court's February 28, 2008 Order, certain documents that an associate or paralegal thought might be privileged were withheld from production even though it was determined that they were not privileged. The associate who was "centrally involved" in the process accepted a clerkship and left the firm during this timeframe. At some (unspecified) point in the process, Cobetto "became aware that documents not on the original privilege log that we provided had not been produced." Rather than separately producing these documents immediately, Cobetto decided to produce them at the same time as the documents for which he was withdrawing the claim of privilege. *Id.*

On August 13, 2008, Plaintiff made a second supplemental production, and provided additional documents relating to the trusts which had been established for the Winner children and which had held Winner Steel stock. ECI continued to believe that there were additional responsive documents related to the Guarantee Agreements but Plaintiff insisted that no such documents existed. ECI also continued to question the scope of Plaintiff's search for documents and requested identification of the custodians within Plaintiff's "control" by letter dated August

20, 2008. ECI raised these issues at a status conference with the Court on August 27, 2008. On August 28, 2008, Plaintiff declined to respond to ECI's letter. ECI filed its fourth motion to compel and for sanctions on September 10, 2008. On October 1, 2008, Plaintiff again produced additional documents, including documents relating to the Guarantee Agreements and financial statements. On October 16, 2008, Plaintiff produced yet more documents to ECI "in useable form" and produced a custodian chart on October 22, 2008.

Plaintiff filed a Response in Opposition to the Motion to Compel (Document No. 52), in which he argues that sanctions are not appropriate because any errors in document production were unintentional and had since been corrected. Attached to the response, Plaintiff submitted affidavits from James Winner, Jack Campbell, Jack Cobetto and Kevin Allen which outlined steps that each had taken to comply with discovery obligations in this case. Plaintiff also filed a Reply in Opposition (Document No. 61), with numerous exhibits. Attached to the reply was a second Declaration from Jack Cobetto. In the Declaration, Cobetto denied that he or anyone at Reed Smith engaged in bad faith or improper conduct but acknowledged that "mistakes occurred in the document production."

Discussion

    1.    General Principles

There are at least four potential sources of authority for the imposition of discovery sanctions, in addition to the Court's inherent power to do so. The Court will review these briefly.

Title 28 U.S.C. § 1927 states: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The focus of § 1927 is on the conduct of the attorney. Section 1927 "requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re*

5

*Prudential Ins. Co. America Sales Practice Litig.*, 278 F.3d 175, 188 (3d Cir.2002)

Federal Rule of Civil Procedure 37(c) provides for a number of different sanctions in the event a party fails to provide information as required. Rule 37(c)(1)(A) states that "on motion and after giving an opportunity to be heard . . . [the Court] may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Expenses and fees imposed under Rule 37(c) are awarded against the party only, and not against counsel. *Apex Oil Co. v. Belcher Co. of New York, Inc.*, 855 F.2d 1009, 1013-14 (2d Cir. 1988).

Federal Rule of Civil Procedure 26(g) mandates that all discovery documents be signed by the party personally or by at least one attorney of record. The 1983 Advisory Committee notes on Rule 26(g) explain that there is an "affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purpose of the [Rules]." Rule 26(g) is designed to curb discovery abuse by encouraging the imposition of sanctions. "Concern about discovery abuse has led to widespread recognition that there is a need for more aggressive judicial control and supervision." *Id.* "[T]he signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand." *Id.* Incorporated in this effort is the duty pursuant to Rule 26(e)(2), "seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect." Rule 26(g)(3) provides that if a discovery certification violates the rule without substantial justification, the Court "must" impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay "reasonable expenses, including attorney's fees, caused by the violation."

Similarly, Fed. R. Civ. P. 37(a)(5) provides for the payment of reasonable expenses where a motion to compel is granted or the requested discovery is provided after the motion was filed. In applying Rule 37(a)(5), the Court "must, after giving an opportunity to be heard, require the party whose conduct necessitated motion, the party or attorney advising that conduct, or both to

6

pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees."

The imposition of sanctions under Rule 26(g) and/or Rule 37 is phrased in mandatory language unless the Court finds that the failure was substantially justified or harmless. *Grider v. Keystone Health Plan Central, Inc.*, 2007 WL 2874423 (E.D. Pa. 2007). *But see* Rule 37(a)(5)(A)(iii) (sanctions not appropriate if "other circumstances make an award of expenses unjust.").

2.  Sanctions Are Appropriate

The Court finds that sanctionable conduct occurred under the facts and circumstances of this matter. Based on information from his client, Cobetto made representations to ECI and the Court which were not correct. Numerous documents were produced after Cobetto represented to the Court on more than one occasion that all responsive documents had already been provided. The search was broadened after Cobetto told the Court that there was nowhere else to look. The Guarantee Agreements were located at Reed Smith and had already been determined to not be privileged. Cobetto made unequivocal representations that extraordinary efforts had been made, a comprehensive search had been conducted, and there was "nothing left to produce." The representations on behalf of Plaintiff were obviously intended to convince the Court to deny ECI's motion to compel in an effort to limit discovery in this case, and indeed, the Court accepted those representations. *See* Memorandum Order of June 17, 2008. Unfortunately, Plaintiff and his attorneys had not engaged in sufficient oversight of the discovery process to ensure that the representations to the Court were accurate. Indeed, counsel has conceded that mistakes were made.[2]

The unfortunate reality is that this entire litigation could easily have been rendered unnecessary by Plaintiff such that the discovery disputes recounted above could have been entirely avoided. ECI named Winner as a party to the arbitration in his personal capacity to

---

[2]Winner and his counsel have certainly been given a full opportunity to be heard.

obtain some assurance that its claim would be paid and Plaintiff could have simply provided the information which ECI sought from the outset. As it now appears, that assurance could have come from Plaintiff personally, or Winner Steel, or otherwise (i.e., documents such as the Guarantee Agreements) such that ECI could reasonably expect to collect any monetary award it received in the arbitration. Having chosen to initiate and pursue a declaratory judgment action in this Court rather than to provide the assurances requested by ECI, Plaintiff was bound to fully comply with the Federal Rules of Civil Procedure even though the scope of the discovery permitted by the Court may have been greater than Plaintiff had anticipated when he filed this action.

The Court warned in its June 17th Memorandum Order that if ECI developed evidence that the referenced representations were not correct, the Court would entertain a motion for sanctions. That event has materialized. It is not necessary for the Court to make findings with respect to the good faith, or lack thereof, by Winner and/or his attorneys in order to impose sanctions under Rule 26(g) and/or Rule 37(a). *GMAC v. HTFC Corp.*, 252 F.R.D. 253 (E.D. Pa. 2008).

The Court finds that the failure to provide the subject documentation was not substantially justified. Counsel for ECI made numerous inquiries in an effort to find additional documents, but Plaintiff did not take advantage of these opportunities to amicably resolve the matter. Cobetto, as a supervising attorney and as the individual who personally made representations to opposing counsel and the Court, cannot excuse his conduct by blaming the errors on his subordinates. Plaintiff now argues that the errors were caused by the burden of complying with the timeframes in the Court's order. However, at the time, Plaintiff did not inform the Court that its search was incomplete or that he needed additional time. Quite the contrary, Plaintiff informed the Court: "There is nothing more to produce. There are no documents in Winner Steel's possession showing funds 'set aside' for satisfaction of potential claims from potential creditors."

The Court further finds that the failure to properly disclose information was not harmless.

Due to the combination of errors in its document production and Plaintiff's apparent refusal to engage in a cooperative "meet and confer" process, Plaintiff left ECI with no other option but to file multiple motions to compel with the Court. This caused ECI to incur unnecessary counsel fees and expenses and vexatiously multiplied the proceedings. The Rules of Civil Procedure are designed to deter discovery misconduct by ensuring that the responsible party bears the cost of the unnecessary litigation. The circumstances do not make an award of reasonable expenses unjust. The errors were within the control of Plaintiff and should have been avoidable.[3]

The imposition of discovery sanctions is appropriate under Rule 26(g) and Rule 37(a) against the party and/or counsel.[4] ECI's motion requests that the sanctions be imposed only upon the Plaintiff exclusively. Plaintiff has not responded to this aspect of the motion. Accordingly, the Court will hold Winner solely responsible for the sanctions to be imposed. *See, e.g. Bowers v. National Collegiate Athletic Ass'n*, 475 F.3d 524, 544-45 (3d Cir. 2007) (noting that the motion requested sanctions against the party rather than counsel).

3. The Sanctions

ECI seeks an award of all counsel fees and costs which it incurred in litigating the second, third and fourth motions to compel. The second and fourth motions to compel were directly necessitated by Plaintiff's conduct and misrepresentations. The third motion to compel involved a privilege log that was clearly inadequate and contributed to ECI's belief that additional documents should have been produced. Accordingly, ECI's counsel fees and costs relating to these motions are recoverable.

Discovery sanctions must reflect the "*reasonable* expenses" incurred by ECI and the

---

[3]In particular, the Court cannot condone Plaintiff's decision to combine the Supplemental Production with the documents on which the privilege had been withdraw. An immediate and full disclosure of the oversight should have been made.

[4]Because ECI will obtain appropriate relief, the Court need not determine whether sanctions are appropriate under 28 U.S.C. § 1927.

9

Court has discretion to impose an "*appropriate* sanction." Rule 26(g); Rule 37(a)(5)(A) (emphasis added). In *Martin v. Brown*, 63 F.3d 1252, 1263 n.15 (3d Cir. 1995), the Court stated: "Although Rule 37 authorizes both punitive and compensatory damages, it requires the amount of any monetary damages to be specifically related to expenses incurred by the violations."

Accordingly, on or before January 20, 2009, ECI shall file a petition which documents the reasonable counsel fees and expenses it incurred in filing the second, third and fourth motions to compel. Winner shall file a response on or before February 9, 2009, limited to the issue of reasonableness. The Court will reserve ruling on sanctions pending consideration of these filings.

In accordance with the foregoing, DEFENDANT ETKIN & COMPANY'S FOURTH MOTION TO COMPEL AND FOR SANCTIONS (*Document No. 47*) is **DENIED AS MOOT IN PART** as to the motion to compel; **GRANTED IN PART** as to the request for sanctions against Plaintiff pursuant to Fed. R. Civ. P. 26(g) and 37(a)(5); and **TAKEN UNDER ADVISEMENT IN PART** as to the sanction amount of reasonable counsel fees and expenses.

SO ORDERED this 31st day of December, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Jack B. Cobetto, Esquire
Email: jcobetto@reedsmith.com

Daniel B. McLane, Esquire
Email: dmclane@eckertseamans.com

Robin Fineman
Email: rfineman@paulweiss.com

Allen J. Arffa, Esquire
Email: aarffa@paulweiss.com

Joseph A. Katarincic, Esquire
Email: jkatarincic@thorpreed.com

Kevin P. Allen, Esquire
Email: kallen@thorpreed.com